**Fill in this information to identify the case:**

United States Bankruptcy Court for the <u>Southern District of Texas</u>

Case number (*if known*): _____ Chapter <u>11</u>

☐ Check if this is an
amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| **1.** | **Debtor's name** | Core Scientific Acquired Mining LLC |

| | | |
|---|---|---|
| **2.** | **All other names debtor used in the last 8 years** | Blockcap, Inc. |
| | Include any assumed names,  trade names, and *doing business  as* names | |

| | | |
|---|---|---|
| **3.** | **Debtor's federal Employer Identification Number** (EIN) | N/A |

**4.  Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| 210   Barton Springs Road<br>Number   Street | 2407   S. Congress Avenue<br>Number   Street |
| Suite 300 | Ste. E-101<br>P.O. Box |
| Austin   Texas   78704<br>City   State   ZIP Code | Austin   Texas   78704<br>City   State   ZIP Code |
| Travis<br>County | **Location of principal assets, if different from principal place of business** |
| | Number   Street |
| | City   State   ZIP Code |

**5.  Debtor's website** (URL)   https://corescientific.com/

**6.  Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
☐ Partnership (excluding LLP)
☐ Other.  Specify: _____

Debtor    Core Scientific Acquired Mining LLC         Case number (if known)   22-____ ( )
        Name

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
☒ None of the above

B. *Check all that apply:*

☐ Tax- exempt entity (as described in 26 U.S.C. § 501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

5182 - Data Processing, Hosting, and Related Services

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7
☐ Chapter 9
☒ Chapter 11. *Check all that apply:*

A debtor who is a "small business debtor" must check the first sub-box.
A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11**. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No
☐ Yes   District _____ When _____ Case number _____
                                  MM/ DD/ YYYY

           District _____ When _____ Case number _____
                                  MM / DD/ YYYY

Debtor    Core Scientific Acquired Mining LLC                    Case number (if known)    22-____ ( )
          Name

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No

☒ Yes

List all cases. If more than 1, attach a separate list.

| | | |
|---|---|---|
| Debtor | See Schedule 1 | Relationship | See Schedule 1 |
| District | Southern District of Texas | When | December 21, 2022 |
| | | | MM / DD/ YYYY |
| Case number, if known | | |

**11. Why is the case filed in this district?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____

| | |
|---|---|
| Number | Street |
| City | State    ZIP Code |

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

Contact Name _____

Phone _____

---

| | |
|---|---|
| ■ | **Statistical and administrative information** |

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

(on a consolidated basis with all affiliated debtors)

| | | |
|---|---|---|
| ☐ 1-49 | ☒ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

Debtor  Core Scientific Acquired Mining LLC                           Case number (if known)   22-____ ( )
        Name

| | | | | | |
|---|---|---|---|---|---|
| **15. Estimated assets**<br>(on a consolidated basis with all affiliated debtors) | ☐ | $0-$50,000 | ☐ | $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| | ☐ | $50,001-$100,000 | ☐ | $10,000,001-$50 million | ☒ $1,000,000,001-$10 billion |
| | ☐ | $100,001-$500,000 | ☐ | $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ | $500,001-$1 million | ☐ | $100,000,001-$500 million | ☐ More than $50 billion |
| **16. Estimated liabilities**<br>(on a consolidated basis with all affiliated debtors) | ☐ | $0-$50,000 | ☐ | $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| | ☐ | $50,001-$100,000 | ☐ | $10,000,001-$50 million | ☒ $1,000,000,001-$10 billion |
| | ☐ | $100,001-$500,000 | ☐ | $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ | $500,001-$1 million | ☐ | $100,000,001-$500 million | ☐ More than $50 billion |

| | |
|---|---|
| ■ | **Request for Relief, Declaration, and Signatures** |

**WARNING** – Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

- ■ The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

- ■ I have been authorized to file this petition on behalf of the debtor.

- ■ I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   December 21, 2022
                      MM / DD/ YYYY

✖   /s/ Todd DuChene                                Todd DuChene
    Signature of authorized representative of         Printed name
    debtor

    EVP, General Counsel, Chief Compliance Officer and Secretary
    Title

**18. Signature of attorney**

✖   /s/ Alfredo R. Pérez                    Date   December 21, 2022
    Signature of attorney for debtor                 MM / DD / YYYY

    Alfredo R. Pérez                                 Ray C. Schrock, P.C.
    Printed Name

    Weil, Gotshal & Manges LLP                       Weil, Gotshal & Manges LLP
    Firm Name

    700 Louisiana Street, Suite 1700                 767 Fifth Avenue
    Address

    Houston, Texas 77002                             New York, New York 10153
    City/State/Zip

    (713) 546-5000                                   (212) 310-8000
    Contact Phone

    alfredo.perez@weil.com                           Ray.Schrock@weil.com
    Email Address

    15776275               Texas
    Bar Number             State

## Schedule 1

### Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the affiliated entities listed below, including the debtor in this chapter 11 case, filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of Texas (Houston Division) (the "**Court**").  A motion will be filed with the Court requesting that the chapter 11 cases of each Entity listed below be consolidated for procedural purposes only and jointly administered, pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure, under the case number assigned to the chapter 11 case of Core Scientific, Inc..

| COMPANY |
| --- |
| Core Scientific Mining LLC |
| Core Scientific, Inc. |
| Core Scientific Acquired Mining LLC |
| Core Scientific Operating Company |
| Radar Relay, Inc. |
| Core Scientific Specialty Mining (Oklahoma) LLC |
| American Property Acquisition, LLC |
| Starboard Capital LLC |
| RADAR LLC |
| American Property Acquisitions I, LLC |
| American Property Acquisitions VII, LLC |

**ACTION BY**
**WRITTEN CONSENT OF**
**THE GOVERNING BODIES OF**
**CORE SCIENTIFIC MINING LLC**
**CORE SCIENTIFIC ACQUIRED MINING LLC**
**CORE SCIENTIFIC OPERATING COMPANY**
**RADAR RELAY, INC.**
**CORE SCIENTIFIC SPECIALTY MINING (OKLAHOMA) L.L.C.,**
**AMERICAN PROPERTY ACQUISITION, LLC**
**STARBOARD CAPITAL LLC**
**RADAR LLC**
**AMERICAN PROPERTY ACQUISITIONS I, LLC**
**AMERICAN PROPERTY ACQUISITIONS VII, LLC**

The required members of the board of directors or the sole member, as the case may be (as applicable, the "*Governing Body*"), of each of the entities referenced above (each, an "*Entity*," and collectively, the "*Company*"), do hereby consent to, adopt, and approve, by written consent in accordance with, as applicable, Section 141(f) of the Delaware General Corporation Law, Section 18-302(d) of the Delaware Limited Liability Company Act, Section 101.359 of the Texas Limited Liability Company Act, Section 7-80-706 of the Colorado Limited Liability Company Act, the North Carolina Limited Liability Company Act, and Section 14-11-309 of the Georgia Limited Liability Company Act, the following resolutions and each and every action effected thereby:

**WHEREAS**, each Entity is a direct or indirect wholly-owned subsidiary of Core Scientific, Inc. ("*Core*"), a Delaware corporation;

**WHEREAS**, the Company, with the assistance of legal and financial advisors, has been conducting a review of strategic alternatives;

**WHEREAS**, the applicable Governing Body of each Entity has reviewed and had the opportunity to ask questions about the materials presented by the management and the legal and financial advisors of such Entity regarding the liabilities and liquidity of such Entity, the strategic alternatives available to it, and the impact of the foregoing on such Entity's business; and

**WHEREAS**, the applicable Governing Body of each Entity has had the opportunity to consult with the management and the legal and financial advisors of such Entity to fully consider each of the strategic alternatives available to such Entity; and

**WHEREAS**, the applicable Governing Body of each Entity believes that taking the actions set forth below are in the best interests of such Entity and, therefore, desires to adopt, authorize, and approve the following resolutions**:**

**I.**    **Commencement of Chapter 11 Cases**

 **NOW, THEREFORE BE IT RESOLVED**, each Governing Body has determined, after consultation with the management and the legal and financial advisors of the applicable Entity, that it is desirable and in the best interests of such Entity, its creditors, and other parties in interest that a petition be filed by such Entity seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "*Bankruptcy Code*") in the United States Bankruptcy Court for the Southern District of Texas (the "*Bankruptcy Court*"); and

**RESOLVED**, that any member, officer or director of such Entity (each, an "***Authorized Officer***"), in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, with full power of delegation, to negotiate, execute, verify, deliver and file, in the name and on behalf of such Entity, and under its corporate seal or otherwise, all plans, petitions, schedules, statements, motions, lists, applications, pleadings, affidavits, declarations, orders, notices and other papers (collectively, the "***Chapter 11 Filings***") (with such changes therein and additions thereto as such Authorized Officer may deem necessary, appropriate or advisable, the execution and delivery of any of the Chapter 11 Filings by such Authorized Officer with any changes thereto to be conclusive evidence that such Authorized Officer deemed such changes to meet such standard) in the Bankruptcy Court, and, in connection therewith, to take and perform any and all further acts and deeds which such Authorized Officer deems necessary, proper, or desirable in connection with such Entity's chapter 11 case (each, a "***Chapter 11 Case***" and collectively, the "***Chapter 11 Cases***"), including, without limitation, negotiating, executing, delivering, performing and filing any and all documents, schedules, statements, lists, papers, agreements, certificates, and/or instruments (or any amendments or modifications thereto) in connection with, or in furtherance of, such Chapter 11 Case and the transactions and professional retentions set forth in this resolution; and be it further

## II.    Retention of Advisors

**RESOLVED**, that, in connection with the Chapter 11 Cases, any Authorized Officer, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered and directed, with full power of delegation, in the name and on behalf of the applicable Entity, to employ and retain all assistance by legal counsel, accountants, financial advisors, investment bankers and other professionals, on behalf of such Entity, that such Authorized Officer deems necessary, appropriate or advisable in connection with, or in furtherance of, the Chapter 11 Cases, with a view to the successful prosecution of the Chapter 11 Cases (such acts to be conclusive evidence that such Authorized Officer deemed the same to meet such standard); and be it further

**RESOLVED**, that the law firm of Weil, Gotshal & Manges LLP, located at 767 Fifth Avenue, New York, New York 10153, is hereby retained as attorneys for the Company in the Chapter 11 Cases, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that the firm of PJT Partners LP, located at 280 Park Avenue, New York, New York 10017, is hereby retained as investment banker for the Company in the Chapter 11 Cases, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that the firm of AlixPartners, LLP, located at 909 Third Avenue, New York, New York 10022, is hereby retained as financial advisor for the Company in the Chapter 11 Cases, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that the firm of Stretto Inc., located at 7 Times Square, New York, New York 10036, is hereby retained as claims and noticing agent for the Company in the Chapter 11 Cases, subject to Bankruptcy Court approval; and be it further

## III.    Debtor-in-Possession Financing

**RESOLVED**, that in connection with the Chapter 11 Cases, it is in the best interests of (i) in the case of Core (the "***DIP Facility Borrower***"), to enter into and obtain loans, (ii) in the case of the Guarantors (as defined below), to guarantee the DIP Facility Borrower's obligations under the DIP Credit Agreement (as defined below), and (iii) in the case of the DIP Facility Borrower and the Guarantors, to consummate the transactions under that certain multiple draw superpriority senior secured debtor-in-possession term loan credit facility in an aggregate principal amount of up to $75,000,000 to be evidenced by that certain

Secured Debtor-in-Possession Credit Agreement, by and among, the DIP Facility Borrower and each other Entity, as guarantors (the "***Guarantors***"), the lenders from time to time party thereto (the "***Lenders***"), and the administrative agent for the Lenders (in such capacity and together with its successors, the "***Agent***") (together with the Exhibits and Schedules annexed thereto, the "***DIP Credit Agreement***"; capitalized terms used in this section with respect to debtor-in-possession financing and not otherwise defined herein shall have the meanings ascribed to such terms in the DIP Credit Agreement) in each case subject to approval by the Bankruptcy Court, which is necessary and appropriate to the conduct of the business of the Entity (the "***Debtor-in- Possession Financing***"); and be it further

**RESOLVED**, that the execution and delivery of the DIP Credit Agreement and the DIP Financing Documents (as defined below) by each Entity that is party thereto and the consummation by such Entity of the transactions contemplated thereunder, including (i) in the case of the DIP Facility Borrower, the borrowing of funds under the DIP Credit Agreement, (ii) in the case of Guarantors, the guaranty of the obligations thereunder as provided in any guaranty, (iii) in the case of the DIP Facility Borrower and the Guarantors, the grant of a security interest in and liens upon substantially all of such Entity's assets in favor of the secured parties (including the authorization of financing statements in connection with liens) and (iv) the execution, delivery and performance of all other agreements, instruments, documents, notices or certificates constituting exhibits to the DIP Credit Agreement or that may be required, necessary, appropriate, desirable or advisable to be executed or delivered pursuant to the DIP Credit Agreement or otherwise related thereto, including interest rate or currency hedging arrangements (each a "***DIP Financing Document***" and collectively, the "***DIP Financing Documents***"), the making of the representations and warranties and compliance with the covenants thereunder and the assumption of any obligations under and in respect of any of the foregoing, are hereby authorized and approved in all respects, and that any Authorized Officer, who may act without the joinder of any other Authorized Officer, is hereby severally authorized, empowered and directed, in the name and on behalf of such Entity, to execute and deliver the DIP Credit Agreement and any other DIP Financing Document to which such Entity is a party, with such changes therein and additions thereto as any such Authorized Officer, in his or her sole discretion, may deem necessary, convenient, appropriate, advisable or desirable, the execution and delivery of the Dip Credit Agreement and such DIP Financing Document with any changes thereto by the relevant Authorized Officer, to be conclusive evidence that such Authorized Officer deemed such changes to meet such standard; and be it further

**RESOLVED**, that the form, terms and provisions of each of (i) the DIP Credit Agreement, including the use of proceeds to provide liquidity for the Company throughout the Chapter 11 Cases, substantially in the form presented to the Governing Body and (ii) any and all of the other agreements, including, without limitation, any guarantee and security agreement, letters, notices, certificates, documents and instruments authorized, executed, delivered, reaffirmed, verified and/or filed in connection with the Debtor-in-Possession Financing and the performance of obligations thereunder, including the borrowings and guarantees contemplated thereunder, are hereby, in all respects confirmed, ratified and approved; and be it further

**RESOLVED**, that any Authorized Officer, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, in the name and on behalf of each applicable Entity, to cause such Entity to negotiate and approve the terms, provisions of and performance of, and to prepare, execute and deliver the DIP Credit Agreement and any other DIP Financing Document, in the name and on behalf of such Entity under its corporate seal or otherwise, and such other documents, agreements, instruments and certificates as may be required by the Agent or required by the DIP Credit Agreement and any other DIP Financing Documents; and be it further

**RESOLVED**, that each Entity be, and hereby is, authorized to incur the obligations and to undertake any and all related transactions contemplated under the DIP Credit Agreement and any other DIP Financing Document including the granting of security thereunder; and be it further

**RESOLVED**, that any Authorized Officer, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, in the name and on behalf of each applicable Entity, to grant security interests in, and liens on, any and all property of such Entity as collateral pursuant to the DIP Credit Agreement and any other DIP Financing Document to secure all of the obligations and liabilities of such Entity thereunder to the Lenders and the Agent, and to authorize, execute, verify, file and/or deliver to the Agent, on behalf of such Entity, all agreements, documents and instruments required by the Lenders in connection with the foregoing; and be it further

**RESOLVED**, that any Authorized Officer, in each case, acting singly or jointly, be, and each hereby is,  authorized, empowered, and directed, in the name and on behalf of each applicable Entity, to take all such further actions including, without limitation, to pay all fees and expenses, in accordance with the terms of the DIP Credit Agreement and any other DIP Financing Document, which shall, in such Authorized Officer's sole judgment, be necessary, proper or advisable to perform such Entity's obligations under or in connection with the DIP Credit Agreement or any other DIP Financing Document and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions; and be it further

**RESOLVED**, that any Authorized Officer, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, in the name and on behalf of each applicable Entity, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions and extensions of the DIP Credit Agreement and/or any of the DIP Financing Documents which shall, in such Authorized Officer's sole judgment, be necessary, proper or advisable; and be it further]

## IV.   Restructuring Support Agreement

**RESOLVED**, that in connection with the Chapter 11 Cases, the applicable Governing Body of each Entity has determined that it is in the best interests of such Entity to enter into a Restructuring Support Agreement (the "***Restructuring Support Agreement***") on the terms and conditions substantially similar to those set forth in the form of Restructuring Support Agreement previously provided to such Governing Body; and be it further

**RESOLVED**, that the form, terms and provisions of the Restructuring Support Agreement, together with the term sheet annexed thereto (the "***Term Sheet***") and the execution, delivery and performance thereof and the consummation of the transactions contemplated thereunder by such Entity are hereby authorized, approved and declared advisable and in the best interest of such Entity, with such changes therein and additions thereto as the Authorized Officer executing the same may in his or her discretion deem necessary or appropriate, the execution of the Restructuring Support Agreement to be conclusive evidence of the approval thereof; and be it further

**RESOLVED**, that any Authorized Officer is hereby authorized, empowered, and directed, in the name and on behalf of such Entity, to cause such Entity to deliver, certify, file and/or record, the Restructuring Support Agreement, including the Term Sheet attached thereto and such other documents, agreements, instruments and certificates as may be required by the Restructuring Support Agreement, including the Term Sheet; and be it further

## V.     General Authority and Ratification

**RESOLVED**, that any Authorized Officer, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, with full power of delegation, in the name and on behalf of the applicable Entity, to take and perform any and all further acts or deeds that, in the judgment of such Authorized Officer, shall be or become necessary, proper, or desirable in connection with the Chapter 11 Case, including, but not limited to, (i) the negotiation of such additional agreements, amendments, modifications, supplements, reports, documents, instruments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities, notes, certificates, or other documents that may be required, (ii) the execution, delivery, certification, recordation, performance under and filing (if applicable) of any of the foregoing, and (iii) the payment of all fees, consent payments, taxes and other expenses as any such Authorized Officer, in his or her sole discretion, may approve or deem necessary, appropriate or desirable in order to carry out the intent and accomplish the purposes of the foregoing resolutions and the transactions contemplated thereby, all of such actions, executions, deliveries, filings and payments to be conclusive evidence of such approval or that such Authorized Officer deemed the same to meet such standard; and be it further

**RESOLVED**, that any and all past actions heretofore taken by any Authorized Officer in the name and on behalf of the applicable Entity in furtherance of any or all of the preceding resolutions be, and the same hereby are, ratified, confirmed, and approved in all respects as the acts and deeds of such Entity; and be it further

**RESOLVED**, that this consent may be executed in two or more counterparts, each of which shall constitute an original, and all of which shall constitute one and the same instrument. The secretary of each Entity is authorized to place a copy of this consent in the official records of each Entity to document the actions set forth herein as actions taken by the applicable Governing Body of such Entity.

*[Signature page follows.]*

**IN WITNESS WHEREOF**, the undersigned, being the sole director of **RADAR RELAY, INC.**, has executed this written consent as of the date first written above.

By: _____
Name:  Todd Duchene
Title:    President

[SIGNATURE PAGE TO FILING CONSENTS]

**IN WITNESS WHEREOF**, the undersigned, being a director of **CORE SCIENTIFIC OPERATING COMPANY** has executed this written consent as of the date first written above.

By: _Todd DuChene_

Name:  Todd DuChene
Title:   EVP, General Counsel, Chief Compliance Officer and Secretary

IN WITNESS WHEREOF, the undersigned, being the sole member of **CORE SCIENTIFIC SPECIALTY MINING (OKLAHOMA) LLC** has executed this written consent as of the date first set forth above.

CORE SCIENTIFIC OPERATING COMPANY

By: _____

                  *Todd DuChene*

         DocuSigned by:

Name:  Todd DuChene
Title:    EVP, General Counsel, Chief Compliance Officer and Secretary

[SIGNATURE PAGE TO FILING CONSENTS]

IN WITNESS WHEREOF, the undersigned, being the sole member of each of **AMERICAN PROPERTY ACQUISITIONS I, LLC** and **AMERICAN PROPERTY ACQUISITIONS VII, LLC** has executed this written consent as of the date first set forth above.

**AMERICAN PROPERTY ACQUISITION, LLC**

BY:  Core Scientific Operating Company, its sole member

By: _Todd DuChene_
DocuSigned by:
43048BB7D89C45E...
Name:  Todd DuChene
Title: EVP, General Counsel, Chief Compliance Officer and Secretary

IN WITNESS WHEREOF, the undersigned, being the sole member of each of **STARBOARD CAPITAL LLC** and **RADAR LLC**, has executed this written consent as of the date first set forth above.

RADAR RELAY, INC.

By: _Todd DuChene_

Name:  Todd Duchene
Title:   President

[SIGNATURE PAGE TO FILING CONSENTS]

IN WITNESS WHEREOF, the undersigned, being the sole member of each **CORE SCIENTIFIC ACQUIRED MINING LLC** and **CORE SCIENTIFIC MINING LLC**, has executed this written consent as of the date first set forth above.

CORE SCIENTIFIC, INC.

DocuSigned by:

*Todd DuChene*

By: _____
43048BB7D89C4FE

Name:  Todd DuChene
Title:   President, Chief Legal Officer and
         Secretary

[SIGNATURE PAGE TO FILING CONSENTS]

IN WITNESS WHEREOF, the undersigned, being the sole member of **AMERICAN PROPERTY ACQUISITION, LLC**, has executed this written consent as of the date first set forth above.

CORE SCIENTIFIC OPERATING COMPANY

By: _____
DocuSigned by:
*Todd DuChene*
43048BB7D89C4EE...
Name:  Todd DuChene
Title:    EVP, General Counsel, Chief Compliance Officer and Secretary

[SIGNATURE PAGE TO FILING CONSENTS]

**Fill in this information to identify the case:**

Debtor name:  Core Scientific Acquired Mining LLC

United States Bankruptcy Court for the Southern District of Texas

(State)

Case number (*If known*):      22-_____ (   )

☐ Check if this is an
    amended filing

# Official Form 204

## Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

12/15

A list of consolidated creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case.  Include claims which the debtor disputes.[1]  Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff[2] | Unsecured claim |
| 1 | BRF Finance Co., LLC Attn.:  General Counsel 30870 Russell Ranch Road, Suite 250 Westlake Village, California 91362 | Attn.:  General Counsel Phone:  (310) 966-1444 Email: legal@brileyfin.com | Financing | Unliquidated | | | $42,364,611.00 |
| 2 | Dalton Utilities Attn.:  Tom Bundros 1200 V D Parrott Jr Parkway Dalton, Georgia 30721 | Attn.:  Tom Bundros Phone:  (706) 278-1313 Facsimile:  (706) 278-7230 Email: tbundros@dutil.com | Utility | | | | $6,714,988.00 |
| 3 | Shell Energy Solutions Attn.:  Marty Lundstrom 21 Waterway Avenue, Suite 450 The Woodlands, Texas 77380 | Attn.:  Marty Lundstrom Phone:  (832) 510-1042 Facsimile:  (832) 510-1128 Email: marty.lundstrom@mp2energy.com | Utility | | | | $3,808,132.00 |
| 4 | U.S. Customs and Border Patrol Attn.:  Raul Ortiz 1300 Pennsylvania Avenue, Suite 4.4-B Washington, District of Columbia 20229 | Attn.:  Raul Ortiz Phone:  (202) 344-2050 Facsimile:  (973) 368-6913 | Customs Fees | Disputed | | | $3,375,019.00 |
| 5 | Cooley LLP Attn.:  Daniel Peale 1299 Pennsylvania Avenue, NW Suite 700 Washington, District of Columbia 20004 | Attn.:  Daniel Peale Phone:  (202) 842-7835 Email: dpeale@cooley.com | Professional Services | | | | $2,858,242.00 |
| 6 | Kentucky Department of Revenue Attn.:  Thomas B. Miller 501 High Street Frankfort, Kentucky 40601 | Attn.:  Thomas B. Miller Phone:  (502) 564-5930 Facsimile:  (502) 564-8946 | Taxes | Disputed | | | $2,762,948.00 |

---

[1] This list does not include secured creditors that did not properly perfect their security interests and may, thus, be treated as unsecured creditors.

[2] The listing of a claim as partially secured shall not be deemed an admission by the Debtors as to the validity or enforceability of the security interest.  The Debtors reserve all rights to challenge any amounts listed in this Top 30 creditor list.

| Debtor | Core Scientific Acquired Mining LLC | Case number (if known) | 22-_____ ( ) |
|---|---|---|---|
| | Name | | |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff[2] | Unsecured claim |
| 7  Duke Energy Attn.: Tammy Daber, Power Contracts Administrator 9700 David Taylor Drive, Mail Code: DT01X Charlotte, North Carolina 28262 | Attn.: Tammy Daber, Power Contracts Administrator Phone: (866) 541-8886 Email: tammy.daber@duke-energy.com | Utility | | | | $2,113,213.00 |
| 8  Priority Power Management LLC Attn.: Robert L. Douglas 2201 E Lamar Boulevard, Suite 275 Arlington, Texas 76006 | Attn.: Robert L. Douglas Phone: (408) 375-0865 Email: rdouglas@prioritypower.com | Construction | Unliquidated, Disputed | $24,000,000.00 | $22,232,057.00 | $1,767,943.00 |
| 9  Harper Construction Company, Inc. Attn.: Stephen Marble 2241 Kettner Boulevard, Suite 300 San Diego, California 92101 | Attn.: Stephen Marble Phone: (619) 233-7900 Facsimile: (619) 233-1889 Email: lpz@harperconstruction.com | Construction | Disputed | $9,200,000.00 | $7,500,000.00 | $1,700,000.00 |
| 10  Trilogy LLC Attn.: Shamel Bersik 6255 Saddle Tree Drive Las Vegas, Nevada 89118 | Attn.: Shamel Bersik Phone: (888) 514-4200 Email: Sam@trilogycorp.com | Equipment | | | | $1,400,000.00 |
| 11  FlowTX Attn.: Lucas Leavitt 8610 Broadway Street, Suite 211 San Antonio, Texas 78217 | Attn.: Lucas Leavitt Phone: (210) 455-0580 Email: lleavitt@flowtx.com | Construction | | | | $1,200,00.00 |
| 12  Moss Adams LLP Attn.: Findley Gillespie 999 Third Avenue, Suite 2800 Seattle, Washington 98104 | Attn.: Findley Gillespie Phone: (206) 302-6212 Email: findley.gillespie@mossadams.com | Professional Services | | | | $456,434.00 |
| 13  Cherokee County Tax Collector Attn.: Delenna Stiles, Tax Collector 75 Peachtree Street, #225 Murphy, North Carolina 28906-2947 | Attn.: Delenna Stiles, Tax Collector Phone: (828) 837-2421 Email: collections@cherokeecounty-nc.gov | Taxes | | | | $413,737.00 |
| 14  AAF International Attn.: Stuart Nichols 9920 Corporate Campus Drive Suite 2200 Louisville, Kentucky 40223 | Attn.: Stuart Nichols Phone: (803) 322-8796 Email: snichols@AAFintl.com | Trade Goods | | | | $266,468.00 |
| 15  Sidley Austin LLP Attn.: Scott Parel 2021 McKinney Avenue, Suite 2000 Dallas, Texas 75201 | Attn.: Scott Parel Phone: (214) 981-3431 Email: sparel@sidley.com | Professional Services | | | | $231,085.00 |
| 16  Securitas Security Services USA Inc. Attn.: Patrick Melody 4330 Park Terrace Drive West Lake Village, California 91361 | Attn.: Patrick Melody Phone: (763) 287-6618 Email: patrick.melody@securitasinc.com | Security Services | | | | $195,373.00 |
| 17  CDW Direct Attn.: Rick Kulevich, General Counsel 200 N. Milwaukee Avenue Vernon Hills, Illinois 60061 | Attn.: Rick Kulevich, General Counsel Phone: (847) 465-6000 Email: credit@cdw.com | Trade Goods | | | | $175,420.00 |
| 18  CES Corporation Attn.: Scott Weatherall 28029-108 Avenue Acheson, AB T7X 6P7 Canada | Attn.: Scott Weatherall Phone: (780) 910-6037 Email: s.weatherall@cescorp.ca | Trade Goods | Contingent, Unliquidated | | | $174,951.00 |

| Debtor | Core Scientific Acquired Mining LLC | Case number (if known) | 22-_____ ( ) |
| --- | --- | --- | --- |
| | Name | | |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| --- | --- | --- | --- | --- | --- | --- |
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff[2] | Unsecured claim |
| 19 | Marshall County Sheriff<br>Attn.: Trent Weaver, Sheriff<br>52 Judicial Drive<br>Benton, Kentucky 42025 | Attn.: Trent Weaver, Sheriff<br>Phone: (270) 527-3112<br>Email: marshallso@marshallco.org | Taxes | | | | $162,181.00 |
| 20 | Tenet Solutions<br>Attn.: Accounting Department<br>1238 Grey Fox Road<br>Arden Hills, Minnesota 55112 | Attn.: Accounting Department<br>Phone: (651) 604-2838<br>Email: Tenet-AR@tenetsolutions.us | Trade Goods | | | | $139,551.00 |
| 21 | Tenaska Power Services Co<br>Attn.: Drew Fossum<br>14302 FNB Parkway<br>Omaha, Nebraska 68154 | Attn.: Drew Fossum<br>Phone: (817) 462-1521<br>Email: TPMCustomerService@tnsk.com | Utility | | | | $113,951.00 |
| 22 | Gensler<br>Attn.: Todd Runkle<br>1011 S. Congress Avenue, Building 1, Suite 200<br>Austin, Texas 78704 | Attn.: Todd Runkle<br>Phone: (512) 867-8113<br>Email: todd_runkle@gensler.com | Construction | | | | $104,110.00 |
| 23 | OP<br>Attn.: Elise Chittick<br>10030 Bent Oak Drive<br>Houston, Texas 77040 | Attn.: Elise Chittick<br>Phone: (713) 595-0522<br>Email: echittick@ophouston.com | Trade Goods | | | | $97,274.00 |
| 24 | Bergstrom Electric<br>Attn.: Steve Wasvick<br>3100 North Washington Street<br>Grand Forks, North Dakota 58208 | Attn.: Steve Wasvick<br>Phone: (701) 775-8897<br>Email: Swasvick@berstromelectric.com | Construction | | | | $89,929.00 |
| 25 | Amazon Web Services Inc.<br>Attn.: Rashmi Manchanda<br>410 Terry Avenue North<br>Seattle, Washington 98109-5210 | Attn.: Rashmi Manchanda<br>Phone: (415) 539-5057<br>Email: rmmanch@amazon.com | Cloud Services | | | | $76,120.00 |
| 26 | McDermott Will and Emery LLP<br>Attn.: Erin West<br>1 Vanderbilt Avenue<br>New York, New York 10017 | Attn.: Erin West<br>Phone: (202) 756-8135<br>Email: eswest@mwe.com | Professional Services | | | | $54,834.00 |
| 27 | DK Construction Company<br>Attn.: Justin Edwards, President<br>5165 Gilbertsville Highway<br>Calvert City, Kentucky 42029-0388 | Attn.: Justin Edwards, President<br>Phone: (270) 395-7656<br>Facsimile: (270) 395-1975 | Facility Maintenance | | | | $40,561.00 |
| 28 | Reed Wells Benson and Company<br>Attn.: Kenneth Fulk<br>120010 N. Central Expressway, Suite 1100<br>Dallas, Texas 75243 | Attn.: Kenneth Fulk<br>Phone: (972) 788-4222<br>Email: kfulk@rwb.net | Construction | | | | $34,400.00 |
| 29 | LiveView Technologies Inc.<br>Attn.: Chris Parker<br>1226 S 1480 W<br>Orem, Utah 84058 | Attn.: Chris Parker<br>Phone: (801) 221-9408 Ext. 315<br>Email: chris.parker@lvt.com | Trade Goods | | | | $25,877.00 |
| 30 | Herc Rentals<br>Attn.: Leslie Hunziker<br>27500 Riverview Center Boulevard<br>Suite 100<br>Bonita Springs, Florida 34134 | Attn.: Leslie Hunziker<br>Phone: (239) 301-1675<br>Email: leslie.hunziker@hercrentals.com | Equipment Rental | | | | $22,898.00 |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

```
-------------------------------------------------------- x
                                              :
In re                                         :        Chapter 11
                                              :
CORE SCIENTIFIC ACQUIRED                      :        Case No. 22– _____ (      )
MINING LLC,                                   :
                                              :
            Debtor.                           :
                                              :
-------------------------------------------------------- x
```

**CONSOLIDATED CORPORATE OWNERSHIP STATEMENT
<u>PURSUANT TO FED. R. BANKR. P. 1007 AND 7007.1</u>**

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), attached hereto as <u>**Exhibit A**</u> is an organizational chart of Core Scientific, Inc. ("**Core Parent**") and its debtor affiliates (each, a "**Debtor**" and collectively, the "**Debtors**"). Pursuant to Rule 1007(a)(3) of the Bankruptcy Rules, the below organizational chart combined with this statement identify all holders having an equity interest in the above-captioned debtor in possession. The Debtors respectfully represent as follows:

Equity ownership of Core Parent is represented by ordinary shares, 8.21% held by Darin Feinstein, 5.69% held by Matthew Minnis through MPM Life LLC, 5.03% held by Michael Levitt, and 81.07% widely held by other shareholders in the aggregate.

As set forth on <u>**Exhibit A**</u>, Core Parent owns 100% of the outstanding equity interests of (i) Core Scientific Acquired Mining LLC ("**Core Mining**"), (ii) Core Scientific Mining LLC, and (iii) Core Scientific Operating Company ("**Core Operating**").

Core Mining owns 100% of the outstanding equity interests of Radar Relay, Inc. ("**Radar Relay**").  Radar Relay, in turn, owns 100% of the outstanding equity interests of RADAR LLC and Starboard Capital LLC.

Core Operating owns 100% of the outstanding equity interests of Core Scientific Specialty Mining (Oklahoma) LLC and American Property Acquisition LLC ("**American Property Acquisition**").

American Property Acquisition owns 100% of the outstanding equity interests of American Property Acquisitions I, LLC and American Property Acquisitions VII, LLC.

As noted on **Exhibit A**, Core Parent owns approximately 19% of the outstanding equity interest of Non-Debtor Core Scientific Partners, LP, which, is owned in part by, and owns equity interests in, various other non-Debtor affiliates of Core Parent (collectively, the "**Non-Debtor Affiliates**").  The Non-Debtor Affiliates were formed in connection with a potential transaction that was not consummated and are currently dormant.

**Exhibit A**

**Organizational Chart**



**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

```
------------------------------------------------------ x
                                                       :
In re                                                  :        Chapter 11
                                                       :
CORE SCIENTIFIC ACQUIRED                               :        Case No. 22– _____ (     )
MINING LLC,                                            :
                                                       :
              Debtor.                                  :
                                                       :
------------------------------------------------------ x
```

## LIST OF EQUITY HOLDERS[1]

Pursuant to Rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure, the following identifies all holders having a direct or indirect ownership interest, of the above-captioned debtor in possession (the "**Debtor**").

Check applicable box:

☐     There are no equity security holders or corporations that directly or indirectly own 10% or more of any class of the Debtor's equity interest.

☒     The following are the Debtor's equity security holders (list holders of each class, showing the number and kind of interests registered in the name of each holder, and the last known address or place of business of each holder):

| Name and Last Known Address or Place of Business of Holder | Kind/Class of Interest | Number of Interests Held |
| --- | --- | --- |
| Core Scientific, Inc.<br>210 Barton Springs Road, Suite 300<br>Austin, Texas 78704 | Membership Interests | 100 % |

---

[1]     This list serves as the required disclosure by the Debtor pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure.  All equity positions listed are as of the date of commencement of the Debtor's chapter 11 case.

**Fill in this information to identify the case:**

Debtor name: Core Scientific Acquired Mining LLC

United States Bankruptcy Court for the Southern District of Texas
(State)

Case number (*If known*):   22-_____ ( )

# Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors        12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

**WARNING – Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)

☐ Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)

☐ Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)

☐ Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)

☐ Schedule H: Codebtors (Official Form 206H)

☐ Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)

☐ Amended Schedule _____

☒ Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)

☒ Other document that requires a declaration Consolidated Corporate Ownership Statement and List of Equity Holders

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 21, 2022
MM /DD /YYYY

X /s/ Todd DuChene
Signature of individual signing on behalf of debtor

Todd DuChene
Printed name

EVP, General Counsel, Chief Compliance Officer and Secretary
Position or relationship to debtor